UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER WHYMS,

    Plaintiff,                                    Civil Action No. 15-CV-13250

vs.                                           HON. BERNARD A. FRIEDMAN

SELECT PORTFOLIO SERVICING, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or

>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios."  *Id.* at 327-28.  To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).  Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma pauperis*, if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

The present case is frivolous and fails to state a claim because it concerns an alleged wrongful foreclosure plaintiff raised in two previous cases, *Whyms v. HSBC Bank USA*, 14-CV-13384 (E.D. Mich.), and *Whyms v. HSBC Bank USA, et al.*, 15-CV-11131 (E.D. Mich.), both of which this Court dismissed.  Those dismissals are res judicata as to the instant case, which raises claims plaintiff either did or could have raised in the prior cases.  Further, as noted in the orders of dismissal in those cases, the Court has no power to act because the relief plaintiff seeks would require the Court to invalidate a state court judgment.  Under the Rooker-Feldman doctrine, a federal court may not do so.  Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted.  The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).


Dated: September 28, 2015  
   Detroit, Michigan

S/ Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE